IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
2013 JAN 17 P 12: 25
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AFA SERVICE CORPORATION,<br>1155 Perimeter Center West, 10th FL.<br>Atlanta, GA 30338<br><br>Plaintiff,<br><br>v.<br><br>HOME CAFÉ, INC.,<br>400 Holiday Ct., Ste. 205<br>Warrenton, VA 20186<br><br>Defendant. | CASE NO. 1: 13cv63 TSE/IDD |

## COMPLAINT

Plaintiff, AFA SERVICE CORPORATION, by its attorneys, Duane Morris LLP files its complaint against Defendant HOME CAFÉ, INC., and alleges as follows:

### THE NATURE OF THE CASE

1. This is an action for compensatory damages arising from the breach by the Defendant HOME CAFÉ, INC. ("Home Café") of its contract with AFA.

### THE PARTIES

2. AFA SERVICE CORPORATION ("AFA") is a not for profit membership corporation organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

3. Defendant HOME CAFÉ, INC., ("Home Café") is a Virginia corporation with its principal place of business in Warrenton, Virginia.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. §1332(a)(2) because there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because Defendant Home Café is a citizen and resident of this District and pursuant to 28 U.S.C. §1391(c) a substantial part of the events or omissions that are the subject of this action occurred in this District.

## FACTUAL BACKGROUND

6. AFA was formed in 1971 at the behest of several licensees of Arby's, Inc. as a corporation independent of the franchisor, to arrange for advertising and marketing for the use and benefit of operators of Arby's® restaurants. At the time of AFA's formation, Arby's, Inc. was in bankruptcy and was not providing such services to its licensees. AFA fosters, promotes and engages in activities and programs that serve the common interest of its members in connection with their operation of Arby's® restaurants; undertakes collective advertising; and engages in and commissions advertising and marketing research for the benefit of its members.

7. Home Café is an operator of Arby's® restaurants and is a member of AFA.

8. AFA currently has 383 domestic members collectively operating 3,354 Arby's® restaurants in the United States. Most of AFA's members, like Home Café, are independent business owners who have entered into license agreements with Arby's Restaurant Group, Inc., and/or its predecessors in interest (including Arby's Inc., collectively, "ARG") at various times. ARG also owns and operates Arby's® restaurants and as such is a member of AFA.

9. Membership in AFA is compulsory for operators of Arby's® restaurants in the United States. Membership remains compulsory so long as the licensees of ARG (excluding ARG itself and its company owned restaurants) continue to vote in favor of compulsory membership by their majority vote.

10. Pursuant to AFA's bylaws, ARG is prohibited from having a director on the board of AFA. AFA's board of directors is elected by its membership and is comprised solely of independent ARG licensees.

11. The broad range of marketing activities of AFA include, among other things: conducting marketing research; engaging Arby's® national advertising agency; engaging media buying agencies; developing the national marketing calendar for the Arby's® brand; producing print, radio and television commercials and promotions in support of the marketing calendar; and spending millions of dollars to purchase national media including network and cable television, as well as digital and social media. These activities are funded by the members of AFA by their payment of monthly dues which are set by the board of directors in accordance with the AFA's bylaws. AFA's bylaws and any amendments thereto are adopted and approved by the vote of the members and are binding on all members. A true and correct copy of AFA's current By-Laws as revised October 6, 2010 is attached as Exhibit "A."

12. AFA does not purchase local or regional media. Local media is purchased by the individual operators of Arby's® restaurants and by local advertising cooperatives formed by the Arby's® operators in a given media market. Local marketing initiatives commonly are accretive to the national marketing of AFA. Unlike national advertising, the cost of purchasing local media varies significantly from market to market. For example, the cost of purchasing a 30 second local television commercial is very expensive in a major media market such as New

York, New York or Los Angeles, California but is much less in a smaller media market such as Ft. Wayne, Indiana or Erie, Pennsylvania. As a result, in 2009, the members of AFA decided that it would be appropriate to authorize and mandate the board of directors to set the dues of AFA members so as to reflect those market variations.

13. At their October 2009 annual meeting, the members of AFA voted to amend the bylaws to enable the corporation to provide more national advertising for the brand, to authorize the board of directors to increase the dues contribution rate, and to implement tiered or indexed dues so as to more closely match the members' assessed rates to the local cost equivalent of media in their respective markets. Bylaw amendments increasing the dues contribution rate generally require the affirmative vote of 66% of AFA's members; the 2009 amendment was approved by over 80% of the members. As a result, AFA's bylaws were amended to permit the board to increase the dues contribution rate to be paid by AFA members in certain geographic areas from 1.2% to as high as 4.0% of monthly gross sales of the restaurant.

14. In connection with the October 2011 annual meeting of members, a few operators voiced their dissatisfaction with the tiered dues structure adopted by the board. Those members initiated a re-vote on the actions taken two years earlier, and again over 80% of AFA's members reaffirmed the current dues contribution system.

15. Home Café currently owns and operates 29 Arby's® restaurants. Home Café and/or its predecessor in interest has been a member of AFA since AFA was founded. Home Café is one of the members of AFA which did not vote in favor of the 2009 amendment of the bylaws establishing tiered dues. Nonetheless, the amendment was duly adopted by the members of AFA and is binding on all AFA members, including Home Café.

16. Home Café has refused to pay its full assessed dues for the increased amount of advertising provided by AFA to its markets and is in breach of its obligations under the bylaws of AFA. AFA understands that Home Café contends that its license agreements with ARG limit its marketing expense obligations and that it is not bound by the AFA bylaws or amendments thereto even though the amendments were duly adopted by AFA's members.

17. AFA has notified Defendant that it owes the sum of $279,961.55 including interest, for the period of April 2010 through September 2012 and that it continues to accrue additional liability for unpaid dues. In a letter dated November 19, 2012, a copy of which is attached as Exhibit "B", AFA made a final demand for payment upon Defendant.

18. In breach of the bylaws, Defendant has failed and refused to make payment, and as a result of this breach, AFA has been damaged.

19. The breach of the bylaws is governed by the laws of Delaware.

20. All conditions precedent to the bringing of this action have occurred.

## CLAIM FOR RELIEF
### (Breach of Contract)

21. AFA repeats and realleges the allegations of paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant Home Café is required to pay the assessment it agreed to pay pursuant to the bylaws of AFA.

23. Defendant Home Café refused to pay $279,961.55 that was due and owing through September 2012 not including post complaint interest, fees and costs. Additional amounts owed for unpaid dues continue to accrue

24. By refusing to pay the amount assessed pursuant to the terms of the AFA bylaws, Defendant has breached its contract with AFA.

25. By reason of the foregoing, Defendant Home Café should be ordered to pay compensatory damages of no less than $279,961.55 plus continuing interest due, amounts owed for unpaid dues which continue to accrue, collection costs, and reasonable attorney's fees and such other relief as the court deems proper.

WHEREFORE, Plaintiff demands judgment in accordance with its claim for relief.

| Of counsel: | DUANE MORRIS LLP |
|---|---|
| Harvey W. Gurland, Jr., P.A.<br>*(Pro Hac Vice Motion to be filed)*<br>**DUANE MORRIS LLP**<br>hwgurland@duanemorris.com<br>200 South Biscayne Boulevard<br>Suite 3400<br>Miami, Florida 33131<br>Telephone: (305) 960-2200<br>Facsimile: (305) 397-1874 | By: _____<br>Joseph J. Aronica, Esq.<br>Virginia Bar No.: 02548<br>JJAronica@duanemorris.com<br>505 9th Street, N.W., Suite 1000<br>Washington, DC 20004-2166<br>Telephone: (202) 776-7800<br>Facsimile: (202) 478-1885 |

DM1\3647952.2